Scott H. Frewing (SBN 191311)
Andrew P. Crousore (SBN 202195)
Robert C. Hammill (SBN 298689)
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA 94304-1044
Telephone: +1.650.856.2400
Facsimile: +1.650 856.9299
scott.frewing@bakermckenzie.com
andrew.crousore@bakermckenzie.com
robert.hammill@bakermckenzie.com

Attorneys for Plaintiff
Facebook, Inc. and Subsidiaries

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC. AND SUBSIDIARIES, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, and <br><br> JOHN KOSKINEN, in his official capacity as Commissioner of Internal Revenue, <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE OR MANDAMUS-LIKE RELIEF** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Facebook, Inc. ("Facebook") brings this action against the Internal Revenue Service (the "IRS") and the Commissioner of Internal Revenue, seeking declaratory judgment that the IRS unlawfully issued Revenue Procedure 2016-22 and that the IRS unlawfully denied Facebook its statutory right to access an independent administrative forum. Facebook also requests injunctive relief from the IRS's unlawful position, or action in the nature of mandamus to compel the IRS to provide Facebook access to an independent administrative forum.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper under 5 U.S.C. §§ 702-706 (Administrative Procedure Act), 28 U.S.C. § 1331 (federal question jurisdiction under Judicial Code of 1948), and 28 U.S.C. § 1361 (Mandamus and Venue Act of 1962), and this Court has authority to grant the relief requested under 28 U.S.C. §§ 2201, 2202. *See also Parola v. Weinberger*, 848 F.2d 956, 958 (9th Cir. 1988).

3. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1) because the Defendants are officers and agencies of the United States and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**THE PARTIES**

4. Facebook is a corporation, organized under the laws of the state of Delaware. Facebook's principal place of business is located in Menlo Park, California.

5. Defendant Internal Revenue Service is an executive agency of the United States within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 and 701(b)(1), and a bureau of the United States Department of Treasury, located in Washington, D.C.

6. Defendant John Koskinen is the Commissioner of the Internal Revenue Service. He is being sued in his official capacity. He serves as the head of the IRS in Washington, D.C.

**THE STATUTORY REGIME AND PERTINENT ADMINISTRATIVE RULES**

<u>Right to An Independent Review at the IRS Office of Appeals</u>

7. A taxpayer's right to obtain independent review of an IRS decision in an administrative forum is grounded in multiple statutory provisions. The Commissioner is required to ensure employees of the IRS act in accordance with a taxpayer's "right to appeal a decision of the

Internal Revenue Service in an independent forum." 26 U.S.C. § 7803(a)(3)(E).  Further, the Commissioner is required to establish procedures under which taxpayers may access alternative dispute resolution mechanisms through the IRS's independent Office of Appeals ("IRS Appeals"). 26 U.S.C. §§ 7123(b).

8. The Internal Revenue Service Restructuring and Report Act of 1998, specifically required the Commissioner to "ensure an independent appeals function within the Internal Revenue Service."  Pub. L. 105-206 § 1001(4), 112 Stat. 685, 689.

9. The IRS states the mission of IRS Appeals is to "resolve tax controversies, without litigation, on a basis which is fair and impartial to both the Government and the taxpayer in a manner that will enhance voluntary compliance and public confidence in the integrity and efficiency of the Service."  IRS Website, Appeals – An Independent Organization, accessed March 14, 2017.

10. The Congressional mandate for an independent appeals function in the Internal Revenue Service Restructuring and Report Act of 1998, or other statutes, did not distinguish administrative tax controversies from litigated tax controversies docketed in the U.S. Tax Court.

11. The applicable U.S. Treasury Department regulations explicitly provide for IRS Appeals settlement authority in both administrative and docketed tax controversies.  26 C.F.R. § 601.106(a)(1).

12. The U.S. Treasury Department's regulations provide that after the filing of a petition in the Tax Court, IRS district counsel will refer the matter to IRS Appeals, and the IRS Appeals office will have exclusive settlement jurisdiction, subject to certain specific exceptions, for a period of four months, over cases docketed in the Tax Court.  26 C.F.R. § 601.106(a)(1).

13. The IRS Office of Chief Counsel ("IRS Counsel") represents the IRS in litigation.

14. Effective May 5, 2012, the IRS issued Revenue Procedure 2012-18 which stated that IRS Counsel and IRS Appeals share a responsibility to interact—in all circumstances—in a manner that preserves and promotes IRS Appeals' independence.

15. On March 23, 2016, the IRS released Revenue Procedure 2016-22, 2016-15 I.R.B. 1 ("Rev. Proc. 2016-22") "to clarify and describe the practices for the administrative appeals process in cases docketed in the United States Tax Court (Tax Court)."  Rev. Proc. 2016-22 states that it

3

applies to all cases docketed in U.S. Tax Court pending on or after March 23, 2016, and supersedes its predecessor, Rev. Proc. 87-24, 1987-1 C.B. 720.

16. Rev. Proc. 2016-22 changed IRS practice by, for the first time, providing IRS Counsel the unilateral ability to deny a taxpayer access to IRS Appeals in a docketed tax case when Division Counsel (a component of IRS Counsel) or a higher level IRS Counsel official "determines that referral is not in the interest of sound tax administration."

17. Rev. Proc. 2016-22 does not define "sound tax administration" or provide criteria to be used by IRS Counsel to deny access to IRS Appeals, other than providing two examples: (i) "cases involving a significant issue common to other cases in litigation for which it is important to maintain a consistent position" and (ii) "cases related to a case over which the Department of Justice has jurisdiction."

18. Rev. Proc. 2016-22 does not include any language describing how IRS Counsel will determine whether to deny a taxpayer access to IRS Appeals in a manner that is consistent with a taxpayer's right to appeal a decision of the Internal Revenue Service in an independent forum, or in a manner that preserves and promotes IRS Appeals' independence.

Relief Under the Administrative Procedure Act

19. The APA provides taxpayers a means for judicial review if they have been affected or aggrieved by an unlawful agency action and have no other legal mechanism to challenge that action. 5 U.S.C. §§ 702-703.

20. Under the APA, the reviewing court shall hold as unlawful and set aside an agency action, finding, or conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. §§ 706(2)(A), 706(2)(C).

Agency Actions That Exceed Statutory Authority Are Unlawful

21. The substantive validity of an agency action turns on whether it is "based on a permissible construction of" the statute. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

22. The judiciary, not the agency, is the final authority on issues of statutory construction

4

and must therefore set aside any administrative constructions of the statute that violate clear congressional intent. *United States v. Home Concrete & Supply LLC*, 566 U.S. 478, 488 (2012) (noting that "'[i]f a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect.'" (quoting *Chevron U.S.A., Inc. 467 U.S. at* 843, n. 9)).

### Agency Actions Without Explanation Are Arbitrary, Capricious, and Unlawful

23. This Court is entitled to review an agency's decision to ensure the agency's fidelity to its own regulations and congressionally mandated guidelines. *See California Human Development Corp. v. Brock*, 762 F.2d 11044, 1048, N.28 (D.C. Cir. 1985). *See also Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1102-03 (D.C. Cir. 2005) (holding that the APA prohibits agencies from treating similarly situated petitioners differently without providing a sufficiently reasoned justification for the disparate treatment).

24. If an agency action is not reasonably consistent with congressional intention to pursue a goal, then the courts must invalidate it. *Robbins v. Reagan*, 780 F.2d 37, 44 (DC Cir. 1985). Particular judicial scrutiny is placed on an agency action when the agency's actions deviate from its normal course or direction, to ensure the agency's change of course was not based on "impermissible or irrelevant factors." *Id*. at 48.

25. The Supreme Court has stated that an agency, in order to survive the arbitrary and capricious standard of review, must "articulate a satisfactory explanation" for its action, including a "rational connection between the facts found and the choice made." *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co*., 463 U.S. 29, 42 (1983) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). The reviewing court must also ensure that changes in policy are carried out "for rational reasons that are sufficiently explained." *Ventura Broadcasting Co. v. FCC*, 765 F.2d 184, 190 (D.C. Cir. 1985). If the agency fails to do so, "the reviewing court should not attempt itself to make up for such deficiencies; [the reviewing court] may not supply a reasoned basis for the agency's action that the agency itself has not given." *See Motor Vehicle Manufacturers Association*, 463 U.S. at 42.

26. Rules promulgated by a federal agency which regulate the rights and interest of others

are controlling upon the agency. *Columbia Broad. Sys. Inc. v. United States*, 316 U.S. 407, 422 (1942).

27. Additional judicial scrutiny is required when the agency's action represents a departure from prior agency policy or course. *See National Black Media Coalition v. FCC*, 775 F.2d 342, 348; *Robbins v. Reagan*, 780 F.2d 37, 48 (DC Cir. 1985). An agency's change in direction is a "danger signal that triggers scrutiny to ensure that the agency's change of course is not based on impermissible or irrelevant factors." *Robbins v. Reagan*, 780 F.2d 37, 48 (DC Cir. 1985).

## STATEMENT OF FACTS

<u>IRS Issuance of Rev. Proc. 2016-22</u>

28. On October 15, 2015, the IRS published Notice 2015-72, 2015-44 I.R.B. 613, which released a proposed revenue procedure that would update Rev. Proc. 87-24, 1987-1 C.B. 720 and invited public comment regarding the proposed revenue procedure. Notice 2015-72 proposed that IRS Counsel would be granted the authority to deny a taxpayer access to IRS Appeals in a docketed case if IRS Counsel "determines that referral is not in the interest of sound tax administration."

29. The American Bar Association submitted public comment in response to Notice 2015-72, requesting the IRS elaborate and clarify the circumstances in which docketed cases will be ineligible to be returned to Appeals because of sound tax administration.

30. Other public comments provided to the IRS in response to Notice 2015-72 noted concern with the ambiguity of the term "sound tax administration" and the limited set of examples.

31. Upon issuing Rev. Proc. 2016-22, the IRS did not articulate an explanation for its action, including not describing any connection between the facts it found, the choice made to provide IRS Counsel the ability to deny access to IRS Appeals, and the choice to establish the purported "sound tax administration" standard, without further definition and in contravention of the comments submitted in response to Notice 2015-72.

32. Upon information and belief, the IRS issued Rev. Proc. 2016-22 without considering the facts relevant to allowing IRS Counsel to deny to taxpayers access to IRS Appeals or the comments provided to the IRS regarding providing IRS Counsel authority to deny access to IRS Appeals.

6

33. Upon information and belief, in issuing Rev. Proc. 2016-22, the IRS did not consider the ambiguity of the "sound tax administration" standard and the relationship of such an arbitrary standard to the statutory and regulatory mandates that the IRS shall provide all taxpayers access to an independent administrative forum.

### IRS Audit of Facebook

34. In November 2011, the IRS initiated an audit of Facebook's tax years ended December 31, 2008 ("Tax Year 2008"), and December 31, 2009 ("Tax Year 2009"). In January 2013, the IRS expanded its audit to include Facebook's tax year ended December 31, 2010 ("Tax Year 2010").

35. During the audit, Facebook produced thousands of pages of documents in response to more than 200 IRS requests, voluntarily extended the statute of limitations five times, and made employees available for interviews.

36. On January 25, 2016, after years of audit, the IRS requested that Facebook agree to an additional extension to the statute of limitations. During the period from February through May 2016, Facebook and the IRS discussed whether Facebook would further extend the statute of limitations with certain conditions, including that the IRS would agree to issue a 30-day letter that would give Facebook an opportunity to appeal adjustments proposed by IRS Examination personnel to IRS Appeals.

37. Facebook and the IRS did not reach agreement regarding conditions pursuant to which Facebook would provide a further extension of the statute of limitations.

38. On July 26, 2016, the IRS issued a Statutory Notice of Deficiency to Facebook. Among the income adjustments proposed in the Statutory Notice of Deficiency was an adjustment related to the value of intangible property transferred from Facebook Inc. to Facebook Ireland Holdings Unlimited ("Facebook Ireland") effective September 15, 2010 (the "License Adjustment").

### IRS Decision to Deny Facebook Access to IRS Appeals

39. Throughout the audit process, Facebook has made clear to the IRS its desire to avail itself of IRS Appeals once a determination had been made by the IRS Exam team.

40. As of May 2016, the IRS had not made any decision to deny Facebook access to IRS

7

Appeals. *See* Decl. of Nancy Bronson in Support of Reply to Facebook's Opposition to Amended Petition Enforce Internal Revenue Service Summonses, Case No. 3:16-cv-0377-LB, ECF No. 23-1, ¶¶ 6, 7, 10, 11.

41. Facebook seeks access to IRS Appeals to resolve its tax controversy, without litigation, on a basis which is fair and impartial to both the IRS and Facebook, which is the stated purpose of IRS Appeals.

42. On March 16, 2017, the IRS sent a letter to Facebook stating that the IRS will refuse to transfer the matter to IRS Appeals, pursuant to Rev. Proc. 2016-22, stating that referral to IRS Appeals "is not in the interest of sound tax administration."

43. Facebook requested that the IRS reconsider its decision denying Facebook access to IRS Appeals, and on August 2, 2017, the IRS sent a letter to Facebook stating the decision to retain settlement jurisdiction was made by IRS Counsel pursuant to Rev. Proc. 2016-22, and that the IRS would not reconsider this decision.

44. The IRS has never provided Facebook an explanation of why IRS Counsel concluded providing Facebook access to IRS Appeals is not in the interest of sound tax administration.

45. Upon information and belief, the IRS denied Facebook access to IRS Appeals for reasons unrelated to sound tax administration.

46. Facebook is entitled to an independent administrative forum, and upon information and belief, the IRS decision to deny Facebook access to IRS Appeals was made by individuals in IRS Counsel who were charged with litigating against, or overseeing litigation against Facebook, and were thus not independent.

47. Upon information and belief, one of the reasons the IRS denied Facebook access to IRS Appeals was to retaliate against Facebook for not providing an additional extension of the statute of limitations.

48. Upon information and belief, one of the reasons the IRS denied Facebook access to IRS Appeals was because the IRS economic analysis supporting the License Adjustment was arbitrary, capricious, or unreasonable.

49. Upon information and belief, prior to the issuance of Rev. Proc. 2016-22, the IRS

1  regularly provided access to IRS Appeals for taxpayers for which the IRS had proposed income
2  adjustments pursuant to Treas. Reg. §§ 1.482-4 or 1.482-7, the transfer pricing regulations relevant
3  to the License Adjustment.

4  50. During calendar years 2012 through 2014 the IRS conducted 213 taxpayer examinations that included at least one transfer pricing issue and proposed adjustment amounts that totaled approximately $10.5 billion. IRS Appeals reduced the originally proposed adjustments by more than $8.5 billion, and IRS records show that after the IRS Appeals process only $321 million of the original proposed $10.5 billion in adjustments for 2012-2014 were posted to taxpayer accounts. Treasury Inspector General for Tax Administration, *Barriers Exist to Properly Evaluating Transfer Pricing Issues* 24-25 (2016).

51. Upon information and belief, by denying Facebook access to IRS Appeals the IRS has treated Facebook differently than similarly situated taxpayers for which the IRS had proposed similar income adjustments prior to the issuance of Rev. Proc. 2016-22.

52. Facebook is harmed by IRS Counsel unilaterally denying Facebook access to IRS Appeals pursuant to Rev. Proc. 2016-22 because doing so requires Facebook to incur the cost of litigating an issue without first pursuing an independent administrative resolution with IRS Appeals.

53. As a result, Defendants' actions in denying Facebook access to IRS Appeals exceeded statutory jurisdiction, authority, or limitations, or were short of statutory right, or were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The IRS has unlawfully denied Facebook access to IRS Appeals in violation of statute and based on impermissible and irrelevant factors.

## FIRST CAUSE OF ACTION
### (Administrative Procedure Act)

54. All preceding allegations are incorporated here as if set forth in full.

55. The actions of the defendants in issuing Rev. Proc. 2016-22, including but not limited to granting authority to IRS Counsel to deny taxpayers access to IRS Appeals for "sound tax administration," were arbitrary, capricious, an abuse of discretion, or not in accordance with the law, or exceeded statutory jurisdiction, authority, or limitations, or were short of statutory right, under

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856-2400

Complaint for Declaratory and Injunctive or Mandamus-Like Relief

5 U.S.C. §§ 706(2)(A) or (C).

56. Facebook has no adequate or available administrative remedy. In the alternative, any Facebook effort to obtain an administrative remedy would be futile.

57. Facebook has no adequate remedy at law, outside of a claim under 5 U.S.C. § 706.

58. The action of the IRS, in issuing Rev. Proc. 2016-22, imposed a harm on Facebook that warrants relief.

## SECOND CAUSE OF ACTION

### (Administrative Procedure Act)

59. All preceding allegations are incorporated here as if set forth in full.

60. The actions of Defendants, in denying Facebook access to IRS Appeals pursuant to the purported "sound tax administration" standard established in Rev. Proc. 2016-22, were arbitrary, capricious, an abuse of discretion, or not in accordance with the law, or exceeded statutory jurisdiction, authority, or limitations, or were short of statutory right, under 5 U.S.C. §§ 706(2)(A) or (C).

61. Facebook has no adequate or available administrative remedy to address the agency's unlawful action. In the alternative, any Facebook effort to obtain an administrative remedy would be futile.

62. Facebook has no adequate remedy at law, outside of a claim under 5 U.S.C. § 706.

63. The action of the IRS, in denying Facebook access to IRS Appeals, imposed a harm on Facebook that warrants relief.

## THIRD CAUSE OF ACTION

### (Mandamus-Like Relief)

64. All preceding allegations are incorporated here as if set forth in full.

65. Defendants have a plainly defined, ministerial duty to provide taxpayers access to an independent administrative forum.

66. Defendants have failed to carry out their mandatory statutory obligations under the Internal Revenue Service Restructuring and Report Act of 1998, 26 U.S.C. § 7803(3)(E), or 26 C.F.R. § 601.106(a)(1), to provide Facebook access to an independent administrative forum.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856-2400

67. Facebook has no other adequate remedy and is entitled to relief in the form of mandamus-like relief, ordering Defendants to comply with their mandatory statutory obligations to provide Facebook access to an independent administrative forum.

## REQUEST FOR RELIEF

Therefore, Facebook respectfully requests that this Court:

a. Declare the IRS issuance of Rev. Proc. 2016-22 unlawful and issue a judgment that under 5 U.S.C. § 706(2)(A) or § 706(2)(C), the issuance of Rev. Proc. 2016-22 was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or exceeded statutory jurisdiction, authority, or limitations, or was short of statutory right, and was therefore invalid and must be set aside;

b. Issue an injunction prohibiting Defendants from allowing IRS Counsel to deny taxpayers access to IRS Appeals pursuant to Rev. Proc. 2016-22 or otherwise;

c. Declare Defendants' denial of Facebook access to IRS Appeals as unlawful and issue a judgment that under 5 U.S.C. § 706(2)(A) or § 706(2)(C), denying Facebook access to IRS Appeals was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; or exceeded statutory jurisdiction, authority, or limitations, or was short of statutory right; and was therefore invalid;

d. Issue an injunction or mandamus-like relief ordering Defendants to provide Facebook access to IRS Appeals; and

e. Grant such other and further relief as the Court deems just and proper.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856-2400

Complaint for Declaratory and Injunctive or Mandamus-Like Relief

| | | |
|---|---|---|
| Dated: | November 8, 2017 | BAKER & McKENZIE LLP |

/s/ Scott H. Frewing
Scott H. Frewing

/s/ Andrew P. Crousore
Andrew P. Crousore

Attorneys for Plaintiff
Facebook, Inc. and Subsidiaries